**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JULIO ABISLAIMAN** | **CIVIL NO.** |
| **Plaintiff** | |
| **V.** | **RE:  COLLECTION OF MONEY,** |
| **CHRIS DELGATTO AND DELGATTO, INC.** | **BREACH OF CONTRACT AND** |
| | **COMPENSATORY DAMAGES** |
| **Defendants** | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW PLAINTIFF,** Julio Abislaimán, also known as Julio Abislaimán González ("Plaintiff" or "Abislaimán), by and through his undersigned legal counsel, and, for his causes of action against defendants, Chris Delgatto and Delgatto, Inc. (hereinafter jointly referred to as "Defendants" or "Delgatto"), respectfully avers and prays as follows:

## I.     INTRODUCTION

1.1.    This is a civil action by Plaintiff seeking compensatory damages and the collection of money due by Defendants to Plaintiff, as a result of Defendants' breach of a binding agreement entered into in San Juan, Puerto Rico, by Defendants and

Abislaimán, on or about September 9, 2017 (the "Agreement").  Abislaimán duly performed all his contractual duties pursuant to the Agreement, but Delgatto breached the Agreement and, despite numerous written requests by Abislaimán and promises of payment by Delgatto, Defendants have failed to pay to Abislaimán the principal sum of one hundred five thousand dollars ($105,000), plus interest, due to Abislaimán pursuant to the Agreement.

1.2.   Moreover, Delgatto's breach of the Agreement has caused severe damages to the business and reputation of Abislaimán, and has negatively affected Abislaimán's ability to conduct his jewelry business in Puerto Rico, in his own name and also doing business as Joyería Riviera and/or Riviera Jewelry, causing additional damages to Abislaimán in an amount of not less than one hundred thousand dollars ($100,000).

## II.    THE PARTIES

2.1.   Plaintiff, Julio Abislaimán, also known as Julio Abislaimán González, is an individual person who (i) resides at 283 Jilguero Street, Montehiedra, San Juan, Puerto Rico 00926; and (ii) conducts a jewelry business in his personal capacity and also as Joyería Riviera and/or Riviera Jewelry, from a store presently located at Suite A-3, Galería San Patricio, B-5, Tabonuco Street, Guaynabo, Puerto Rico 00968.

2.2.   Defendant Delgatto, Inc. is a Delaware corporation with a place of business located at 16 East 52nd Street, 7th Floor, New York, New York 10022.  Delgatto, Inc. is controlled by defendant Chris Delgatto.

2.3.   Defendant Chris Delgatto is an individual person who controls Delgatto, Inc.  Upon information and belief, he is married and a resident of the Greater New York Metropolitan Area, in the State of New York.  His exact residential address is not known to Plaintiff.  His business address is 16 East 52nd Street, 7th Floor, New York, New York 10022.

### III.   JURISDICTION AND VENUE

3.1.   This Court has jurisdiction over this lawsuit under 28 U.S.C.§1332, since the parties are citizens of different states or territories of the United States of America and thus, there is complete diversity.  Moreover, the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.2.   Venue properly lies in this District under 28 U.S.C.§1391 (a) (1) and (b) (2), because a substantial part of the events or omissions giving rise to this claim occurred in Puerto Rico, most of the jewelry purchased through Abislaimán and delivered to Delgatto pursuant to the Agreement was purchased in Puerto Rico, and at least one very significant piece of jewelry included in the Agreement was sold in Puerto Rico.

### IV.   GENERAL ALLEGATIONS

4.1.   Delgatto is in the business of buying diamonds, jewelry and watches from both the public and the trade, globally, as well as of reselling them, while Abislaimán has been in the jewelry retail business in Puerto Rico, personally and doing business as Joyería Riviera and/or Riviera Jewelry, since the 1970's.

4.2.   In the second half of calendar year 2017, Delgatto, Inc. and Chris Delgatto wanted to expand their business to Puerto Rico, South America and Mexico, and Chris

3

Delgatto visited Abislaimán in Puerto Rico and started negotiations with Abislaimán to (i) persuade Abislaimán to change the main focus of Abislaimán's business from traditional retail sales to primarily buying from the public and the trade; and (ii) enter into a joint business or partnership with Delgatto for business in Puerto Rico, with the ultimate goal of also expanding to Mexico and South America as well. Said negotiations took place in San Juan, Guaynabo and Dorado, Puerto Rico.

4.3.   As a result of the aforesaid negotiations, Delgatto and Abislaimán entered into the Agreement in San Juan, Puerto Rico, on or about September 9, 2017.  A copy of the Agreement is attached hereto and made a part hereof as **Exhibit 1**.  According to the principal provisions of the Agreement:

    4.3.1.   Abislaimán became the full time Director of Delgatto for Puerto Rico, South America and Mexico.  His day to day role was to promote and pursue purchasing opportunities from both the public and the trade.  Abislaimán also became responsible for initial evaluations of the items that would be offered or presented for sale and for managing the staff, with the provision that all single item purchases over ten thousand dollars ($10,000) needed the prior approval of Mr. Chris Delgatto, unless specified otherwise by Mr. Delgatto on a case by case basis.

    4.3.2.   Abislaimán would pay for location rent and all associated expenses, as well as salary for Nilda, the sole employee of Abislaimán's store in Puerto Rico.

    4.3.3.   Delgatto would pay for monthly marketing as well as for the cost of goods purchased for the business.

4.3.4.  Delgatto would assist in providing watches and jewelry "on memo"[1], to be sold at the store in Puerto Rico.  Goods owned by Abislaimán which were to be sold at the store did not fall into the Agreement.

4.3.5.  Both parties would devise a number of different marketing and communications tactics to create awareness of the business in Puerto Rico.

4.3.6.  Both parties would work to create press releases around the launch of their joint business in Puerto Rico and to start to create momentum for the business in Puerto Rico.

4.3.7.  The Puerto Rico store was located at the Caribe Hilton Hotel, but relocated to Galería San Patricio because the Caribe Hilton Hotel closed after being severely damaged by hurricane María, on September 20, 2017.

4.3.8.  Profits would be divided equally (one half for each party) on both purchased or "memo'd" in store sales.  The only deduction against profits would be advertising against purchased goods.

4.3.9.  Abislaimán complied with all his obligations pursuant to the Agreement, but Delgatto has breached the Agreement.  Delgatto has failed, *inter alia,* to pay to Abislaimán $105,000 of profits earned by Abislaimán pursuant to the Agreement, as follows:

---

[1] "On memo" means on consignment.

**STATEMENT OF ACCOUNT AMOUNTS**
**OWED TO ABISLIAMÁN BY CHRIS DELGATTO AND/OR**
**DELGATTO ACCORDING TO ABISLAIMAN'S RECORDS**

| Purchases/Sales | Abislaiman's Share of Profits | | Owed |
|---|---|---|---|
| Nov-Dec 2017 purchased DS's[2] estate for Aprox $460,000 | Received - | $80,000 $45,000 | $ 35,000 |
| July 13, 2018 purchased AV's[3] estate for $135,400 | | $25,000 | $ 25,000 |
| May 24, 2018 sold a Diamond ring to M. de la C.[4] for $550,000 | | $60,000 | $ 60,000 |
| Total Owed: | | | $120,000 |
| Jan 4, 2019 received check | | | - 10,000 |
| June 22, 2019 received check | | | -  5,000 |
| Balance Owed | | | **$105,000** |

4.3.10. Abislaimán has demanded payment of the aforesaid sum of $105,000, without success, and Delgatto has admitted the existence of the debt and has promised to pay it, but it remains unpaid.  See string of e-mails attached hereto and made integral parts hereof as composite **Exhibit 2,** as well as letter dated March 12, 2019, from attorney Francisco Pujol, on behalf of Abislaimán, to Chris Delgatto, personally and as representative of Delgatto, Inc., attached hereto and made an integral part hereof as **Exhibit 3[5].**

---

[2] Only initials of customer appear herein.  Full name will be disclosed during hearings on a confidential basis.
[3] Only initials of the customer appear herein.  Full name will be disclose during hearings on a confidential basis.
[4] Only initials of the customer appear herein.  Full name will be disclosed during hearings on a confidential basis.
[5] The names of the customers have been redacted in the enclosed copy of the letter.  They will be disclosed during the hearings on a confidential basis.

Furthermore, the last check received on June 22, 2019, of only $5,000 by Delgatto was all that could be collected after multiple requests by Abislaimán. Said payment establishes that the debt exists and that Delgatto is deliberately delaying the payment of the debt, without any real intention of completing it.

4.3.11. Other breaches of the Agreement by Delgatto include, *inter alia,* the following:

(i)      Substantial breach by Delgatto of its obligation to assist in providing watches and jewelry "on memo", to be sold at the Puerto Rico store.

(ii)      Substantial breach by Delgatto of its obligation to devise a number of different marketing and communications tactics to create awareness of the business in Puerto Rico.

(iii)      Failure by Delgatto to pay for monthly marketing as well as for the cost of goods purchases for the business.

(iv)      Failure by Delgatto to pay Abislaimán's shares of profits, as per the Agreement.

(v)      Failure by Delgatto to communicate with Abislaimán and to answer Abislaimán's calls and correspondence.

4.4.   To induce Abislaimán to enter into the Agreement, Delgatto represented to Abislaimán that Delgatto had sufficient financial resources to comply with its financial obligations pursuant to the Agreement.

4.5.    The Agreement was drafted by Delgatto and signed by Abislaimán in good faith, without changes. Abislaimán did not participate in the drafting of the Agreement and executed it without consulting any lawyer.

4.6.    After executing the Agreement, Delgatto, directly or through related entity(ies), started the so-called "Delgatto Diamond Finance Fund", designed by and for the diamond and jewelry industry, to provide asset-based financing.  Said venture has required substantial contributions of money by Delgatto and has significantly reduced the resources that Defendants needed to be able to comply with their obligations pursuant to the Agreement.  See copy of advertising of the Delgatto Diamond Finance Fund attached hereto and made an integral part hereof of **Exhibit 4.**

## V.    FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

5.1.    All preceding allegations are included herein as if restated in full.

5.2.    Plaintiff and Defendants entered into the Agreement, which is a valid contract.

5.3.    Defendants and Plaintiff had a duty to comply with the Agreement and to honor their respective obligations thereunder.  Plaintiff has complied with the Agreement.

5.4.    Defendants have breached the Agreement, as explained in Section IV and in other sections of this Complaint.

5.5.    The breach of the Agreement by Defendants has caused severe losses to Plaintiff, which include: (i) $105,000 of funds due pursuant to the Agreement, as more fully detailed in Section 4.3.9, *supra*; plus (ii) pre-judgment interest thereon at the legal rate from March 12, 2019, until a judgment is issued; plus (iii) the sum of one hundred thousand dollars ($100,000) for damages caused to Abislaimán and his

8

business as a result of Defendants' breach of the Agreement; (iv) plus post judgment interest at the legal rate on the principal sum of $205,000, from the date of the judgment until full payment thereof.

5.6.   As a result of Defendants' breach of contract, they owe to Plaintiff the sum of $205,000, plus interest on $105,000 at the pre-judgment legal rate from May 24, 2019, until a judgment is issued, plus interest on $205,000 at the post judgment legal rate starting when a judgment is issued and until full payment thereof, plus attorneys' fees, costs and expenses incurred by Plaintiff in this litigation.

## VI.   SECOND CASE OF ACTION
## (COMPENSATORY DAMAGES)

6.1.   All preceding allegations are included herein as if restated in full.

6.2.   As a result of their breach of the Agreement, Defendants owe the sums mentioned in Section 5.6, *supra*, which are due, demandable and payable, and are hereby demanded by Plaintiff.

## VII.   THIRD CAUSE OF ACTION
## (COLLECTION OF MONEY)

7.1.   All preceding allegations are included herein as if restated in full.

7.2.   Plaintiff hereby demands the payment of the sums due to him include and detailed on Section 5.6, *supra;* which are due, demandable and payable.

## VIII.   FOURTH CAUSE OF ACTION
## (DEMAND FOR ATTORNEY'S FEES, PRE-JUDGMENT
## INTEREST & OTHER EXPENSES)

8.1.   All preceding allegations are included herein as it restated in full.

8.2.   Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to

9

recognize and obligation, is liable for attorney's fees incurred by Plaintiff in the prosecution of his claim, as well as for pre-judgment interest and costs and expenses incurred by Plaintiff in the litigation.

8.3.   Defendants have been obstinate in that, although they have been on notice of the nature and extent of the damages suffered by Plaintiff as a result of Defendants' breach of the Agreement, as well as of the amounts owed by Defendants to Plaintiff pursuant to the Agreement, Defendants have taken no action on the matter and have, in fact, given Plaintiff no alternative other than filing this Complaint.

8.4.   Plaintiff demands the payment by Defendant of attorney's fees and costs and expenses incurred and to be incurred by Plaintiff in these proceedings, as well as of pre-judgment interest on $105,000, at the legal rate, from March 12, 2019, until a judgment is issued on this case, plus al other sums mentioned in Section 5.6, *supra*.

### IX. TRIAL BY JURY

9.1.   Plaintiff respectfully request to trial this case by jury.

**WHEREFORE,** Plaintiff demands that judgment be entered against Defendants Delgatto, Inc. and Chris Delgatto, thus ordering Defendants, jointly and severally, to pay to Plaintiff the following sums:

i.   $105,000 principal due pursuant to the Agreement; plus

ii.   Pre-judgment interest on $105,000, from March 12, 2019, until a judgment is issued in this case, at the applicable pre-judgment interest legal rate.

iii.   The sum of $100,000 of compensatory damages for the losses caused to Plaintiff's business as a result of Defendants' breach of the Agreement.

iv.   Interest on $205,000, at the post-judgment legal rate, from the date of the judgment until full payment thereof.

v.   Reasonable attorneys' fees, costs and expenses.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 1st day of July 2019.

**PUJOL LAW OFFICE, PSC**
**(Counsel for Plaintiff)**
P.O. Box 363042
San Juan, Puerto Rico
Tel.: (787) 724-0900
Fax: (787) 724-1196

s/Francisco Pujol
FRANCISCO PUJOL
RUA NO. 11,883
DSDC NO. 212706
Email: fpujol@pujollawpr.com

s/ Walter P. Lebrón Ramírez
WALTER LEBRON
RUA NO. 20,673
USDC NO.305901
Email: wlebron@pujollawpr.com

**VICENTE & CUEBAS**
**(Co-Counsel for Plaintiff)**
P.O. Box 11609
San Juan, Puerto Rico 00910-1609
Tel.: (787) 751-8000
Fax: (787) 756-5250

s/ Harold D. Vicente
HAROLD D. VICENTE
RUA NO. 3,966
DSDC NO.117711
Email: hvicente@vclawpr.com

s/ Harold Vicente Colón
HAROLD D VICENTE COLON
RUA NO. 11,303
USDC NO.211805
hdvc@vclawpr.com